1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10  JAMES ONEAL BELVINS, JR.,              No. 2:24-cv-02077-DJC-EFB (PC)
11        Plaintiff,
12     v.                                  ORDER
13  PLACER COUNTY DISTRICT
    ATTORNEY OFFICE, et al.,
14
15        Defendants.

16     Plaintiff is a county jail inmate proceeding without counsel in this action brought pursuant
17 to 42 U.S.C. § 1983. Plaintiff has also filed a motion to proceed in forma pauperis. ECF No. 2.
18 For the reasons that follow, plaintiff's motion to proceed in forma pauperis will be granted, and
19 the complaint will be dismissed with leave to amend.

20                          Motion to Proceed In Forma Pauperis
21     Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).
22 Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect
23 and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. §
24 1915(b)(1) and (2).

25                                Screening Standards
26     Federal courts must engage in a preliminary screening of cases in which prisoners seek
27 redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
28 § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Discussion</u>

Plaintiff's allegations are insensible and appear to be based on a faulty construction of various statutes.  For example, plaintiff alleges:

> December 9th 1945 international organization immunities act relinquished every public office of the United States to the United Nations.  Title 8 U.S.C. section 1481 states once an oath of office is taken citizenship is relinquished.  Thus you become a foreign entity, agency, or state.  That means every public office is a foreign state, including all political subdivisions, every court is considered a separate foreign entity. . . .  Meaning the proper procedures were not followed before I was placed in custody and taken to court in the jurisdiction of a foreign state.

ECF No. 1 at 3.  And: "They must have adequate proof from the Department of State and from the federal court that they have stepped inside a federal court in front of a federal jury and provided them with adequate proof that I'm a corporation." *Id.* at 4.  He sues the Placer County District Attorney Office and Superior Court but provides no factual context for his claims against these entities.

A complaint that is frivolous, malicious, or fails to state a claim cannot survive screening under section 1915A(b) and must be dismissed.  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").  Plaintiff's allegations are impossible to understand clearly and apparently premised on fanciful legal theories rather than existing law.  As currently drafted, the complaint is frivolous.

In addition, the state superior court and the prosecutor's office likely enjoy immunity from plaintiff's suit.  "State prosecutors are absolutely immune from § 1983 actions when performing

functions intimately associated with the judicial phase of the criminal process." *Garmon v. Cty. Of L.A.*, 828 F.3d 837, 842-43 (9th Cir. 2016) (internal quotation marks omitted). The county superior court enjoys sovereign immunity under the 11th Amendment to the U.S. Constitution as an arm of the state of California. *Munoz v. Super. Ct.*, 91 F.4th 977, 980 (9th Cir. 2024).

In an abundance of caution, plaintiff will be given an opportunity to amend his complaint to cure the deficiencies.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See *Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of statements which have no bearing on his legal claims and, to the extent possible, simply provide the facts of the incidents of which he complains (i.e., when the incident happened, who was involved, and how the incident unfolded).

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: February 20, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE